M. H. Miller v. The State.

No. 13499.  Delivered October 8, 1930.
Rehearing denied November 26, 1930.
Reported in 33 S. W. (2d) 191.

The opinion states the case.

*Storey, Leak & Storey* of Vernon, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful manufacture of intoxicating liquor; penalty, eighteen months in the penitentiary.

The insufficiency of the evidence to show guilt is ably and convincingly argued.

On October 23, 1929, officers found a fully equipped still and some 150 gallons of whiskey. The existence of the still, whiskey, mash and other equipment was not a disputed issue. The criminal connection of appellant therewith presents the only issue in this case necessary to discuss.

Briefly and in substance the testimony shows a path leading from the still in question to a tent some 350 or 400 yards away. Approaching this place on the day in question, officers, when about 100 yards distant therefrom, observed appellant and three companions run from this tent. Appellant jumped off a bank into a creek and was captured by the officers. After a chase the companions of appellant were likewise captured. In this tent shown to have been occupied for several days, officers found empty sugar sacks and some chops and rice hulls similar to those found at the still; that rice hulls are sometimes used in the manufacture of liquor. Human and horse tracks were seen in the path leading from the still to the tent. A horse was shown to be at the tent. The tent had been purchased by appellant.

Defensively it was shown that appellant and two companions had moved to this tent about October 19, 1929, preparatory to trapping for the season; that appellant was sickly and had been advised to live in the open. He denied any connection with the still and showed that another camp was recently before the raid in existence nearer to the still than his own. He explained his flight with the statement that the officers fired before he ran. This the officers denied.

Without consuming space in their recital, facts appear in the record which clearly made a jury issue as to the truth of appellant's defense. We are not able to agree with appellant's theory that the evidence was insufficient. The presence of the still connected with appellant's tent by a path, the articles found in the tent and the precipitate flight of appellant and his companions were of sufficient cogency, we think, to justify the submission of the issue of appellant's guilt to the jury, whose finding we feel unauthorized to disturb.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant files an able motion for rehearing presenting only the question of the insufficiency of the testimony. We have carefully examined the facts in the light of the numerous authorities cited in appellant's motion. The still and other paraphernalia accompanying it which was found by the officers, would appear to have required quite a length of time to have installed same. Appellant defended on the idea that he had only been in the tent which was discovered by the officers not very far from the still, for a few days, at the time of the raid. In addition to the fact that the officers said appellant and the other occupants of the tent fled precipitately before any alarm was given or any shots were fired, and in addition to the further fact that the officers said some of the materials found by them at the tent occupied by appellant were of the kind and character of which the mash in the vats at the still, was composed,—the officers also testi-

fied that around said tent occupied by appellant and his companions there were found many cans, egg-shells, potato peelings, etc., indicating that the tent had been at the place a much longer time than a few days as testified to by appellant. One of the officers said there were more than one hundred cans lying just over the edge of the creek bank, and at least a peck of egg-shells and potato peelings that were so dried that they crumbled in the hands, etc. etc. The evidence of the finding of another camp site not far from the still, was very slight, there being no signs of any tent having been up at said place. We believe that this case was properly decided in the original opinion.

The motion for rehearing will be overruled.

*Overruled.*

HAWKINS, J., absent.